UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| *ex rel.* EDWARD L. GAGNE ) | 06-40241-FDS |
| and LINDA JENESKI, ) | |
| ) | |
| Relators, ) | |
| ) | |
| v. ) | |
| ) | |
| CITY OF WORCESTER, ) | |
| and STEPHEN WILLAND, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER ON RELATORS'
MOTION FOR RECONSIDERATION**

**SAYLOR, J.**

This is a *qui tam* action alleging the misuse of federal grant funds by the defendant City of Worcester. Relators allege that the City of Worcester has diverted federal funds from their intended use to other city projects and inappropriately co-mingled federal grant funds with other municipal funding in violation of the Work Force Investment Act, 29 U.S.C. § 2832 *et seq*. Relators further contend that the City of Worcester and Stephen Willand, the executive director of the Central Massachusetts Regional Employment Board ("CMREB"), have defrauded, conspired to defraud, and fabricated and submitted false records to the United States government, all in violation of various provisions of the False Claims Act, 31 U.S.C. § 3729 *et seq*.[1]

---

[1] On June 8, 2007, the government notified the Court of its decision not to intervene in the action.

Defendants moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). The Court issued a memorandum and order dismissing relators' complaint on June 20, 2008. *See U.S. ex rel. Gagne v. City of Worcester*, 2008 WL 2510143 (D. Mass. 2008). Relators filed a motion for reconsideration under Fed. R. Civ. P. 59(e) on June 25, 2008. For the reasons stated below, the motion will be denied.

Fed. R. Civ. P. 59(e) states that "any motion to alter or amend a judgment should be granted to correct 'manifest errors of law' or to present newly discovered evidence." *FDIC v. World Univ., Inc.*, 978 F.2d 10, 16 (1st Cir. 1992); see also *Nat'l Metal Finishing Co. v. BarclaysAmerican/Commerical, Inc.*, 899 F.2d 119, 123 (1st Cir. 1990). Rule 59(e) motions cannot be used to "raise arguments which could have been raised prior to the issuance of the judgment." *Trabal Hernandez v. Sealand Services, Inc.*, 230 F. Supp. 2d 258, 259 (D.P.R. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)); *see also Linton v. New York Life Ins. and Annuity Corp.*, 2006 WL 3043224 *1, *2 (D. Mass. 2006); *FDIC*, 978 F.2d at 16; *Aybar v. Crispin-Reyes*, 118 F.3d 10, 16 (1st Cir. 1997); *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st. Cir. 2003) ("a party may not, on a motion for reconsideration, advance a new argument that could (and should) have been presented prior to the district court's original ruling"). Neither are Rule 59(e) motions appropriate to "repeat old arguments previously considered and rejected." *See, e.g., Nat'l Metal Finishing Co.*, 899 F.2d at 123. Such motions are "extraordinary remedies which should be used sparingly," *Trabal Hernandez*, 230 F. Supp. 2d at 259, and are "typically denied." *Id.* (quoting 8 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1, AT 128 (2D ED. 1995)).

2

Relators brought three separate claims in this action, alleging that defendants committed the following acts: (1) presentation of false or fraudulent claims for payment or approval to the federal government in violation of § 3729(a)(1); (2) making or using false records or statements to make false or fraudulent claims in violation of § 3729(a)(2); and (3) conspiring to get false or fraudulent claims paid or approved by the federal government in violation of § 3729(a)(3).  The Court dismissed all three claims pursuant to Fed. R. Civ. P. 12(b)(6).  Specifically, the Court held that relators failed to plead their claims with the particularity required by Fed. R. Civ. P. 9(b). *Gagne*, 2008 WL 2510143 at *5 & n.4.

Relators, in their present motion, contend that this Court erred in applying Rule 9(b) particularity requirements to claims brought under §§ 3729(a)(2) and (a)(3).  Relators also request leave to amend their complaint to comply with Rule 9(b).

### A. Rule 9(b)

Relators now contend, for the first time, that claims brought under §§ 3729(a)(2) and (a)(3) do not have to be pleaded with the particularity required by Rule 9(b).  Defendants' motion to dismiss very clearly indicated that they sought to dismiss the entire complaint on the basis of noncompliance with Rule 9(b).  Relators, in their opposition, confined their response entirely to defendants' contentions concerning the public disclosure bar of the False Claims Act and service of process.  Relators did not address defendants' contentions about compliance with Rule 9(b) at all, much less assert that a separate analysis is required for claims under §§ 3729(a)(2) and (a)(3).[2]

---

[2] Relators' opposition incorporated by reference their earlier opposition to the motion to dismiss the first amended complaint.  This earlier filing likewise did not mention relators' present theory.

Denial of relators' motion is therefore warranted on this basis alone. *See, e.g., Trabal Hernandez*, 230 F. Supp. 2d at 259; *Linton*, 2006 WL 3043224 at *2; *FDIC*, 978 F.2d at 16; *Aybar*, 118 F.3d at 16; *Cochran*, 328 F.3d at 11.

In any event, relators' theory is substantively incorrect. The First Circuit has recently upheld dismissal of a § 3729(a)(2) claim under Rule 9(b). *See United States ex rel. Rost v. Pfizer, Inc.*, 507 F.3d 720, 733 (1st Cir. 2007) ("Our analysis . . . undermines [relator's] § 3729(a)(2) argument as well"); *see also Karvelas*, 360 F.3d 220, 225 (1st Cir. 2004) ("Evidence of an actual false claim is the *sine qua non* of a False Claims Act violation . . . The False Claims Act at least requires the presence of a claim – a call upon the government fisc – for liability to attach") (internal citations omitted); *United States ex rel. Duxbury v. Ortho Biotech Products, L.P.*, --- F. Supp.2d ----, 2008 WL 244304 *13 & n.18 (D. Mass. 2008) (citing *Rost*). Relators' lack of specificity in pleading the alleged false records and statements and the alleged consequent false or fraudulent claims is therefore equally fatal to their § 3729(a)(2) claim.

The First Circuit has not specifically addressed the applicability of Rule 9(b) to a § 3729(a)(3) conspiracy claim. The other circuits that have considered the issue, however, have concluded that Rule 9(b)'s particularity requirements apply to that subsection, *see United States ex rel. Marlar v. BWXT Y-12, LLC*, 525 F.3d 439, 447-448 & n.3 (6th Cir. 2008); *United States ex rel. Joshi v. St. Luke's Hosp., Inc.*, 441 F.3d 552, 556-558 (8th Cir. 2006); *United States ex rel. Totten v. Bombardier Corp.*, 286 F.3d 542, 551-552 (D.C. Cir. 2002); *see also Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005); *Bly-Magee v. California*, 236 F.3d 1014, 1018 (9th Cir. 2001) (The FCA is an anti-fraud statute . . .as such, we hold that *complaints* brought under the FCA must fulfill the requirements of Rule 9(b). . .") (emphasis added); *U.S. ex*

*rel. Frazier v. Iasis Healthcare Corp.*, --- F. Supp. 2d. ----, 2008 WL 1808332 *1, *3-4 (D. Ariz. 2008). Again, relators' failure to plead alleged false or fraudulent claims with specificity warrants dismissal of their § 3729(a)(3) claim.[3]

### B. Request for Leave to Amend

Relators request leave to "submit a revised pleading that can satisfy a § 3729(a)(1) presentment claim in a manner prescribed by law." As previously stated, a Rule 59(e) motion is not the appropriate vehicle for a party to "repeat old arguments previously considered and rejected." *Nat'l Metal Finishing Co.*, 899 F.2d at 123. The Court did not grant relators leave to amend in its previous memorandum and order, and sees no reason to revisit that decision here.[4]

### V. Conclusion

For the foregoing reasons, relators' motion for reconsideration is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: July 9, 2008

---

[3] Relators assert in their present motion that this Court ruled that §§ 3729(a)(2) and (a)(3) contain a "presentment" requirement. This is an erroneous characterization of the Court's decision. While the Supreme Court has recently granted certiorari to examine the (a)(2)-(a)(3) presentment issue, *Allison Engine Co., Inc. v. U.S. ex rel. Sanders*, 128 S. Ct. 491 (2007), this Court has considered the sufficiency of relators' complaint with regard to Rule 9(b) only. *See Marlar*, 525 F.3d at 447 n.1 ("Because [relator's] claims under subsections (a)(2) and (a)(3) are not pleaded with the specificity required by Rule 9(b) even absent a 'presentment' requirement, we see no need to await the Supreme Court's decision").

[4] *See Gagne*, 2008 WL 2510143 at *5 n.5. As the Court observed in that footnote, it was not clear from relators' opposition if they were even requesting leave to amend.